IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| **PONDEROSA DEVELOPMENT, LP** § | | |
| xx-xxx5960 § | Case No. 06-10210 | |
| 8569 Broussard Rd. Beaumont, TX 77713 § | | |
| § | | |
| Debtor § | Chapter 11 | |
| | | |
| PONDEROSA DEVELOPMENT, L.P., § | | |
| AK/HA MANUFACTURING, LLC, § | | |
| AK INDUSTRIES, INC. and § | | |
| T. GIG DREWERY § | | |
| § | | |
| Plaintiffs § | | |
| § | | |
| v. § | Adversary No. 06-1030 | |
| § | | |
| BRUCE A. CRAIG and § | | |
| JULIE CRAIG § | | |
| § | | |
| Defendants § | | |

## **MEMORANDUM OF DECISION**[1]

This matter is before the Court upon the Motion for Summary Judgment (the "Motion") filed by one of the Plaintiffs, Ponderosa Development, LP ("Ponderosa"). The Defendants, Bruce and Julie Craig ("Defendants") filed a response to the Motion,[2]

---

[1] This Memorandum of Decision is not designated for publication and shall not be considered as precedent, except under the respective doctrines of claim preclusion, issue preclusion, the law of the case or as other evidentiary doctrines applicable to the specific parties in this proceeding.

[2] Included in the Defendants' response in opposition was a limited objection to the Plaintiffs' summary judgment evidence. Because the Court need not rely on the allegedly objectionable evidence to reach the result herein, the objection to the summary judgment evidence is moot.

and Ponderosa filed a reply to the response. Based upon the Court's consideration of the pleadings and the proper summary judgment evidence submitted by the parties, the Court concludes that the Plaintiff's Motion for Summary Judgment should be granted.[3] This Memorandum of Decision disposes of all issues pending in the above-referenced adversary proceeding.

## Procedural and Factual Background

This action arises from the consolidation and removal of three state court action originally filed in the 60th and 136th Judicial District Courts in and for Jefferson County, Texas. On June 19, 2006, eighteen days after filing its voluntary petition for relief under Chapter 11 in this Court, Ponderosa filed a Notice of Removal of the now-consolidated state court case, and the United States District Court for the Eastern District of Texas, Beaumont Division, referred the consolidated action to this Court. As ordered by this Court in a September 22, 2006 scheduling order arising from an initial management conference wherein the Court realigned the parties and directed the filing of amended pleadings, the Plaintiffs, including Ponderosa, AK/HA Manufacturing, LLC, Gig Drewery, and Ponderosa Management, Inc., filed an Amended Complaint. The Amended Complaint seeks a declaration that a Deed of Trust executed by Ponderosa on May 31, 2000 (the "HPLP Deed of Trust") by Ponderosa was released in 2002, and that

---

[3] This Court has jurisdiction to consider the complaint pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final judgment in this adversary proceeding since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (K), and (O).

Defendant, Bruce A. Craig, be directed to execute and deliver to Ponderosa a written release of the HPLP Deed of Trust. As directed by the Court, the Defendants subsequently filed an answer to the amended complaint on December 22, 2006.[4]

The relevant facts giving rise to this action are admitted. Ponderosa is the owner of certain real property, described as 10.1265 acres, more or less, in Jefferson County, Texas, located on or near Broussard Road, Beaumont, Jefferson County, Texas (the "10.1 acres"). On May 31, 2000, Ponderosa executed a promissory note (the "HPLP Note") in the principal amount of $48,833.25 in favor of Hendricks Place L.P. ("HPLP"). To secure the HPLP Note, Ponderosa on that date granted to HPLP a Deed of Trust on the 10.1 acres which included the following "dragnet" clause:

> 2.01 INDEBTEDNESS. The Indebtedness secured by this Instrument shall mean and include the following:
>
> (a) Any and all sums becoming due and payable pursuant to the [HPLP Note],
>
> (b) Any and all other sums becoming due and payable by Borrower to Lender as a result of advancements made by Lender pursuant to the terms and conditions of this Instrument or any other instruments securing or executed in connection with or otherwise relating to the Note, including but not limited to the repayment of any future advance made by Lender to Borrower and the repayment of any sums advanced for the protection of Lender's security pursuant to section 3.01;

---

[4] While the Defendants suggest in their response to the summary judgment motion an intention to seek leave of the Court to amend their answer, no motion seeking such leave has been filed, and any relief which may have been granted in response to such a hypothetical motion is simply speculation. The Court must evaluate the pleadings as they currently exist.

(c) All other present or future indebtedness and liabilities of all kinds of Borrower to Lender, whether or not related to the Property, and whether fixed or contingent, joint or several, direct or indirect, primary or secondary, and regardless of how created or evidenced, but in no event shall this Installment secure payment of any installment loan or any open end line of credit established under Chapter 3, Chapter 4, or Chapter 15 of the Texas Credit Code;

(d) Any and all renewals, exclusions and modification of the foregoing described Indebtedness.[5]

On or about May 31, 2002, HPLP transferred its interest in the HPLP Note and Deed of Trust to the Defendant, Bruce Craig.[6] The Plaintiffs allege in the Amended Complaint, and the Defendants clearly admit, that the HPLP Note secured by the HPLP Deed of Trust was paid in full on or about July 18, 2002.[7]

On or about July 18, 2003, the parties to this action, as well as other entities which are not parties to the present action, resolved certain state court litigation, specifically Cause No. A-0165035 pending in the 58th Judicial District Court of Jefferson County, Texas, by entering into a compromise and settlement agreement (the "CSA").[8] Pursuant to the terms of the CSA, Ponderosa, Aqua-Partners, Ltd., and Gig Drewery executed a Promissory Note (Non-Recourse/No Personal Liability for Borrowers) in the principal

---

[5] Plaintiff's Exhibit 2, p. 2.

[6] Plaintiff's Exhibit 3.

[7] *See* Amended Complaint, dkt. #24, ¶ 9, and Answer, dkt. #28, ¶ 1.

[8] Plaintiff's Exhibit 4.

amount of $235,000, payable to Bruce Craig (the "Non-Recourse Note").[9] Collateral for the Non-Recourse Note included ownership interests in various entities formerly held by Bruce Craig but transferred to Ponderosa and other related entities pursuant to the CSA. Neither the Non-Recourse Note nor the CSA expressly provide that the Non-Recourse Note would be secured by the HPLP Deed of Trust.

The makers of the Non-Recourse Note subsequently defaulted on the Non-Recourse Note. Craig thereafter asserted a right to foreclose on the 10.1 acres under the HPLP Deed of Trust, alleging that the language of the "dragnet" clause contained in the HPLP Deed of Trust was broad enough to capture and collateralize the Non-Recourse Note.

Ponderosa asserts in the Motion that, because Defendants have admitted that the HPLP Note, which was secured by the HPLP Deed of Trust, was paid in full as of July 18, 2002, the HPLP Deed of Trust was extinguished as of that date — one full year prior to the execution of the Non-Recourse Note. In response, the Defendants contend that a material issue of fact exists as to whether the HPLP Note was actually paid in full in July 2002.[10] However, it is elementary law that parties are bound by their pleadings, and may not offer evidence to contradict a fact or position admitted in their pleadings. *Johnson v.*

---

[9] Plaintiff's Exhibit 5.

[10] The Defendants attached exhibits to their response to the summary judgment motion in support of this proposition. Ponderosa asserts that such summary judgment evidence is inadmissible and improperly authenticated. Because such "evidence" contradicts their own admissions, the Court need not reach the question of admissibility.

*Houston's Restaurant, Inc.* 167 Fed. Appx. 393, 395 (5th Cir. 2006) ["Since facts admitted in pleadings 'are no longer at issue,' Johnson is foreclosed from now arguing ... contrary to the facts alleged in his complaint." (internal citations omitted)]; *White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983); *Sinclair Refining Co. v. Tompkins*, 117 F.2d 596, 598 (5th Cir. 1941) ["Pleadings are for the purpose of accurately stating the pleader's version of the case, and they bind unless withdrawn or altered by amendment."]. Hence the proposition that the HPLP Deed of Trust was paid in full as of July 18, 2002 stands as an admitted fact in this proceeding which is binding upon the Defendants and which cannot be ignored by the Court.[11]

## Discussion

*I.   Standards for Summary Judgment.*

Ponderosa brings its motion for summary judgment in this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7056. That rule incorporates Federal Rule of Civil Procedure 56 which provides that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[11] The possibility that the Defendants could have sought leave of court to amend their answer to revoke this admission does not alter this result. *See, e.g., Larson v. Groos Bank, N.A.*, 204 B.R. 500, 502 n. 3 (W.D. Tex. 1996) ["Larson contends that he could reopen the bankruptcy proceeding and amend the schedules to reflect a value for the instant lawsuit. Although Larson may be able to reopen the bankruptcy case, the fact remains that as of today, his bankruptcy schedules reflect a zero value given to the instant unliquidated claim. If Larson had plans to reopen the case, he should have done so before now because his current bankruptcy pleadings constitute judicial admissions. Thus, the Court finds it unnecessary to resolve any hypothetical issues surrounding 'what if' the bankruptcy proceedings were reopened."]. In the same manner, this Court need not concern itself with hypothetical pleadings.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *quoting* FED. R. CIV. P. 56(c). If a summary judgment motion is properly supported, a party opposing the motion may not merely rest upon the contents of its pleadings, but rather must demonstrate in specific responsive pleadings the existence of specific facts constituting a genuine issue of material fact for which a trial is necessary. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986), *citing* FED. R. CIV. P. 56(e). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate. *Mansker v. TMG Life Ins. Co.,* 54 F.3d 1322, 1326 (8th Cir. 1995); *Thompson Everett, Inc. v. Nat'l Cable Adver., L.P.,* 57 F.3d 1317, 1323 (4th Cir. 1995) ["A federal court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly."]. In light of the stipulated and admitted facts, there remains no genuine dispute as to the facts necessary to resolve this action. The only remaining issues are legal ones.

II.  *Viability of the Deed of Trust.*

A deed of trust or mortgage is neither property nor a debt, but is rather a security interest which protects its holder's right to payment of a debt. *Texas Bank & Trust Co. v. Custom Leasing, Inc.* 402 S.W.2d 926, 930 (Tex. Civ. App.– Amarillo 1966, no writ). It can have no legal effect apart from the debt or obligation which it is designed to secure. *O'Dell v. First Nat. Bank of Kerrville*, 855 S.W.2d 1, 4 (Tex. App. – San Antonio 1991, *rev'd on other grounds*, 856 S.W.2d 410 (Tex. 1993)). Once the debt which a deed of trust secures is paid in full, the deed of trust is extinguished. *Bank of Lexington v. Jack Adams Aircraft Sales, Inc.*, 570 F.2d 1220, 1225-26 (5th Cir. 1978) [holding that satisfaction of the underlying debt extinguished the security interest in question]; *Zimmerman v. Littlejohn*, 2002 WL 2005514, at *6 (Tex. App.– Dallas 2002, no pet.) (not designated for publication); *Custom Leasing*, 402 S.W.2d at 930 ["Upon the payment of that debt, the mortgage, being but an incident of the debt, was thereby extinguished."]; *Spencer Sauer Lumber Co. v. Ballard*, 98 S.W.2d 1054, 1055 (Tex. Civ. App.– San Antonio 1936, no writ).

In the present case, in light of the Defendants' admission that the debt underlying the HPLP Deed of Trust was paid in full as of July 18, 2002, the HPLP Deed of Trust was extinguished as of that date, regardless of the fact that Craig never issued a formal, written release of the lien.[12]  The HPLP Deed of Trust, extinguished as of July 18, 2002,

---

[12] Defendants' allegation that Ponderosa has failed to conclusively establish that no liabilities other than the primary one (the HPLP Note) were extant after June 18, 2002 is unavailing. To create a

could not spring back to life a year later even if its dragnet clause was construed to be sufficiently broad to have encompassed the Non-Recourse Note held by Craig.

## Conclusion

For the reasons stated above, the Court concludes that the Plaintiffs are entitled to summary judgment that the HPLP Deed of Trust was extinguished as of July 18, 2002, and that it, therefore, does not secure repayment of the Non-Recourse Note to Craig. Further, the Court concludes that the Plaintiffs' request for the entry of an order directing Craig to execute and deliver to Ponderosa, or its counsel, a properly-executed release of the HPLP Deed of Trust is appropriate. An appropriate order and a judgment shall be entered which are consistent with this Memorandum of Decision.

Signed on 05/25/2007

*/s/ Bill Parker*
_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

genuine issue of material fact on this point, the Defendants must point to specific evidence which would suggest the existence of such an extraneous liability. They have failed to do so.